# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MERLE BRANT YOUNG, )
)
        Petitioner, )
)
-vs- ) Case No. CIV-17-0021-F
)
CARL BEAR, Warden, )
)
        Respondent. )

# ORDER

In this action, petitioner, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks habeas relief from a state court conviction under 28 U.S.C. § 2254. On February 22, 2017, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (doc. no. 8, "Report") recommending this action be dismissed on filing as untimely.

Petitioner objected to the Report. Doc. no. 9. Among other things, he argues that he was entitled to equitable tolling; that the court should order the respondent to produce records; that he is disabled and has been denied legal assistance; and that contrary to the "Procedural Background" portion of the Report, petitioner did seek to withdraw his plea. Given the breadth of petitioner's objections, the court construes them as objecting to the entirety of the Report.

Petitioner's objections do not show that he is entitled to equitable tolling, or that he has any other basis for avoiding dismissal of this action as untimely.

Moreover, contrary to petitioner's contention that he sought to withdraw his guilty plea in the Stephens County case, he did not do so.[1]

After careful consideration, the court finds that the Report should be adopted in its entirety. Given the thoroughness of the analysis set out in the Report, no purpose would be served by any additional analysis here.

Petitioner's objections to the Report are **DENIED**, and the Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. The petition for habeas relief is **DISMISSED** as untimely.

Movant (petitioner) is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[1] *See*, public records available at http://www1.odcr.com for Stephens County, Oklahoma, regarding State of Oklahoma v. Merle Brant Young, CF-2007-00142.

correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 18th day of May, 2017.

							_____
							STEPHEN P. FRIOT
							UNITED STATES DISTRICT JUDGE

17-0021p003.docx

3